UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY SHARP, | No. 2:25-cv-2691 DAD AC PS |
| Plaintiff, | |
| v. | ORDER and |
| CITY OF SACRAMENTO and COUNTY OF SACRAMENTO et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff filed a request for leave to proceed in forma pauperis ("IFP"), and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP (ECF No. 2) will therefore be granted.

Upon screening the complaint, however, the undersigned finds that this court's exercise of jurisdiction is barred by Younger v. Harris, 401 U.S. 37 (1971). The undersigned therefore recommends dismissal of this action without prejudice.

## I. Screening

A. Standards

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A

1

claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

////

////

////

2

B. The Complaint

1. Factual Allegations

In addition to the City of Sacramento ("City") and County of Sacramento ("County"), the complaint names as defendants Detectives Joseph Thebeau, Terrance Mercadal, Maxwell Anderson, and Jonthomas Deardoff of the Sacramento Police Department ("SPD") and Deputy George Twigg of the Sacramento County Sheriff's Office ("SCSO"). ECF No. 1 at 1. Whether the complaint intended to also name SPD Sergeant Todd Bevins as a defendant is unclear. See id. at 2-3.

The complaint alleges as follows. On October 11, 2022, defendants Thebeau, Loscher, Mercadal, and Bevins attempted to execute an arrest warrant for plaintiff. Plaintiff became the victim of an officer-involved shooting that left him injured. Id. at 3, 5.[1] The four officers were placed on administrative leave, and the SPD was relieved of its jurisdiction over the criminal investigation that led to the incident. Id. at 3, 5. The Elk Grove Police Department ("EGPD") was to conduct the investigation into the shooting, while EGPD Detective Bogdan Kostyuk took over the criminal investigation. Id. at 3, 5-6.

Kostyuk received an emergency search warrant for Unit 343 in Bella Vista Apartments, the complex where the shooting occurred, authorizing the seizure of "any items tending to establish the identity of persons who have dominion and control of the location premises[.]" Id. at 3-4. The warrant included specific examples of such documents and authorized the seizure of electronics believed to contain such evidence, but explained that a separate search warrant would be needed to actually search those devices. Id. at 4.

Although the police lawfully seized twelve cell phones ("Lawfully Seized Phones") within the premises, they also unlawfully seized five additional phones ("Disputed Devices") – three from plaintiff's body, two from outside Unit 343. Id. Body camera footage also shows that while administering medical aid to plaintiff after shooting him, Mercadal, Loscher, Thebeau, and Bevins had removed some of the Lawfully Seized Phones from his pockets and placed them 50

---

[1] This use of force, and the conduct of officers before and after the shooting, are the subjects of Sharp v. Sacramento, 24-cv-2793 JAM CSK, in which plaintiff is represented by counsel.

3

feet away.  Id. at 5.  Because they had been placed on administrative leave and the SPD stripped of jurisdiction over the criminal investigation against plaintiff, these four officers were barred from actively participating in the investigation.  Id. at 5-6.

Nonetheless, Mercadal, Loscher, Thebeau, and Bevins mentioned the Disputed Devices during Detective Kostyuk's investigation.  Id. at 6.  The Lawfully Seized Phones and the Disputed Devices were all logged into evidence as having been found inside the premises covered by the October 11 warrant, despite body cam footage and police reports showing otherwise.  Id.

Plaintiff was charged in Sacramento County Superior Court case no. 22-05909 with assault of a police officer with a semiautomatic firearm.  Id. at 8; Cal. Penal Code § 245(d)(2).  In 2025, during discovery, plaintiff learned that Mercadal, Thebeau, Bevins and Loscher had obtained some of the evidence by searching the Lawfully Seized Phones and a hard drive.  ECF No. 1 at 8.  This search had to have occurred on October 11, 2022, during the 24-hour period before plaintiff and those devices were transferred to EGPD's custody and possession.  Id. at 8-9.  No judge had issued a warrant authorizing the search of the confiscated devices during that time.  Id. at 8.

Discovery also revealed discrepancies between deposition statements from the detectives and the relevant bodycam footage, suggesting that defendants falsified their police statements.  Id. at 10.  Meanwhile, plaintiff discovered via Pitchess motion that Mercadal had a history of complaints regarding excessive force, dishonesty, and use of improper tactics.  Id.  This included his involvement in the 2018 death of Stephon Clark at the hands of police, an event that sparked protests nationwide.  Id. at 10-11.  Rather than prosecuting or firing Mercadal, the City kept promoting him and giving him assignments with special units.  Id. at 11.  Even in plaintiff's case, the County "encouraged" Mercadal's tactics by keeping the improperly seized devices for use in subsequent investigation.  Id.

Plaintiff was incarcerated in relation to case no. 22-05909 until January 2024, when he was released pursuant to mental health diversion under the California Penal Code.  Id. at 6.  (The complaint does not specify whether this case remained open or had reached a final resolution by the time the complaint was filed.)  Before plaintiff's release, he and his attorney had negotiated

for the return of all seized cell phones.  Id.  When he contacted the EGPD property clerk, however, he was informed that the County requires emails from the District Attorney authorizing such release, as well as consent from the lead detective overseeing plaintiff's case.  Id. at 7. Plaintiff emailed Detective Anderson, who replied that these phones contained potential evidence of financial crimes and would not be released until completion of the investigation into those crimes.  Id.

Also in 2024, Deardoff conducted an investigation into Anderson and Thebeau's unlawful conduct.  Id.  Without a search warrant, Deardoff obtained from Thebeau, Loscher, Mercadal, and Bevins the data from the Lawfully Seized Phones, which was already the product of a warrantless search.  Id.  Deardoff used this illegally obtained data to obtain a search warrant for both the Lawfully Seized Phones and the Disputed Devices, the data from which was then used to secure a new arrest warrant for plaintiff.  Id.

Deardoff submitted his request for an arrest warrant to the Sacramento District Attorney on October 28, 2024.  ECF No. 1 at 9.  On November 5, defendant Twigg, who was an SCSO probation officer at the time, lured plaintiff into the probation office and stalled him until Deardoff arrived.  Id. at 9-10.  Deardoff arrested plaintiff, who was charged with possession of at least ten other people's personal identifying information with intent to defraud in Sacramento County Superior Court case no. 24-35930.  Id. at 8, 10; Cal. Penal Code § 530.5(c)(3).  Plaintiff has been released on a $2,500 bond and referred to a mental health diversion program, but the charges remain pending.  ECF No. 1 at 10.

2.  Claims and Relief

Of the twelve causes of action, eight are brought against various combinations of defendants under 42 U.S.C. § 1983.  The bases for these claims include the seizure and retention of the Lawfully Seized Phones and their use in subsequent investigations (id. at 11-12); the unlawful search of the Lawfully Seized Phones before a warrant authorizing such search was issued (id. at 12); justification of a further search warrant on all devices based on the prior illegal search, thereby making such secondary search unlawful (id. at 13); unwarranted seizure of property via refusal to release the devices following approval from the district attorney (id. at 14);

5

false arrest on November 5, 2024 based on data from the unlawful search (id. at 14-15); malicious prosecution (id. at 15-16); false imprisonment (id. at 16-17); and the County and City's failure to supervise and discipline the individual officers for use of unlawful methods, either in prior instances or in plaintiff's case (id. at 18-19).

On the basis of all the conduct alleged to have violated his constitutional rights, plaintiff also presents claims for negligence and intentional infliction of emotional distress. Id. at 17-18. He asserts a putative Monell claim based on the County and City's failure to supervise the individual defendants. Id. at 19-20. A final cause of action, seeking injunctive relief, alleges that defendants will continue to engage in unlawful acts and illegally retain plaintiff's property unless enjoined from doing so. Id. at 20-21.

The complaint seeks compensatory, special, and exemplary damages; attorney fees and costs; and an injunction compelling defendants to set policies and procedures as necessary to prevent unlawful arrest and incarceration without probable cause. Id. at 21.

C. Analysis

Under Younger v. Harris, 401 U.S. 37, 43-54 (1971), federal courts must abstain from interfering in most ongoing state court cases. Younger abstention "remains an extraordinary and narrow exception to the general rule" obligating federal courts to decide federal questions that have been presented to them. Cook v. Harding, 879 F.3d 1035, 1038 (9th Cir. 2018) (quoting Nationwide Biweekly Admin., Inc. v. Owen, 873 F.3d 716, 727 (9th Cir. 2017) (internal quotation marks omitted)). "Abstention is not in order simply because a pending state-court proceeding involves the same subject matter." Sprint Communications, Inc. v. Jacobs, 571 U.S. 69, 72 (2013). However, certain "exceptional" classes of cases do support—and may even compel—abstention. New Orleans Public Service, Inc. v. Council of City of New Orleans, 491 U.S. 350, 367 (1998). Younger itself "exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution." Sprint, 571 U.S. at 72.

As the Ninth Circuit has explained, "Younger principles apply in an action for damages pursuant to 42 U.S.C. § 1983 in which the federal plaintiff brings a constitutional challenge to a

6

state proceeding when that proceeding is ongoing; the state proceeding is of a judicial nature, implicating important state interests; and the federal plaintiff is not barred from litigating his federal constitutional issues in that proceeding." Gilbertson v. Albright, 381 F.3d 965, 984 (9th Cir. 2004). Younger thus prohibits federal courts from directly enjoining state prosecutions, 401 U.S. at 45, and also from substantially interfering with ongoing state prosecutions by entertaining claims that seek to enforce the rights of the criminal defendant in the state forum. See Mann v. Jett, 781 F.2d 1448 (9th Cir. 1986) (abstention appropriate where § 1983 plaintiff sought damages for denial of right to counsel in ongoing state criminal case).

In sum, Younger abstention is appropriate if four requirements are met: (1) a state-initiated proceeding remains ongoing at the time the federal case is commenced; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief either seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding. See Arevalo v. Hennessy, 882 F.3d 763, 765 (9th Cir. 2018); Beltran v. State of California, 871 F.2d 777, 782 (9th Cir. 1988). All four elements must be satisfied to warrant abstention. See AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1148 (9th Cir. 2007).

All four elements are met here. First, it is clear that the relevant state proceedings were pending when this action was initiated. See Kitchens v. Bowen, 825 F.2d 1337, 1341 (9th Cir. 1987), cert. denied, 485 U.S. 934 (1988) (critical question is whether state proceedings were ongoing at initiation of the federal proceeding). The complaint expressly states that criminal charges are presently pending in Sacramento County Superior Court case no. 24-35930. ECF No. 1 at 10. Second, there is no state interest more important than that in the state's administration of its criminal justice system. See Kelly v. Robinson, 479 U.S. 36, 49 (1986) (citing Younger, 401 U.S. at 44-45). Third, federal courts must assume that state procedures will afford an adequate opportunity for the consideration of constitutional claims "in the absence of unambiguous authority to the contrary." Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987). There is no procedural bar to the presentation of federal constitutional issues, including those going to the

legality of searches and the validity of arrest warrants, in California criminal proceedings.[2]

Finally, it is clear that the requested relief would interfere with the pending state court proceedings. Plaintiff seeks an order generally enjoining defendants' allegedly unlawful behavior. ECF No. 1 at 20-21. Although plaintiff does not expressly ask this court to enjoin the state court proceedings altogether, all of the allegedly unlawful behavior described in the complaint involves plaintiff's prosecution and the evidence on which it is based. Plaintiff expressly seeks a judgment that his ongoing prosecution is malicious and therefore constitutionally impermissible, and that evidence being used against him in the present case was obtained unconstitutionally. Id. at 11-14, 15-16. It is therefore apparent that this court's consideration of the merits of the federal claims would interfere with the pending state case. See Mann, 781 F.2d 1448.

Accordingly, Younger abstention applies and the case must be dismissed. See Beltran, 871 F.2d at 782 ("Where Younger abstention is appropriate, a district court cannot refuse to abstain, retain jurisdiction over the action, and render a decision on the merits after the state proceedings have ended. To the contrary, Younger abstention requires *dismissal* of the federal action.") (emphasis in original) (citing Gibson v. Berryhill, 411 U.S. 564, 577 (1973)).

## II. Leave to Amend is Not Appropriate

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, the court may dismiss without leave to amend if it is clear that a complaint cannot be cured by amendment. Cato v. United States, 70 F.3d 1103, 1105-06 (9th Cir. 1995). Here, because the requirements for Younger abstention are satisfied, dismissal is mandatory. Beltran, 871 F.2d at 782. Because the gravamen of the complaint involves plaintiff's rights vis-à-vis an ongoing state prosecution, no amendment could avoid that result. Accordingly, leave to amend should not be granted.

---

[2] See Commc'ns Telesystems Int'l v. Cal. Pub. Util. Comm'n, 196 F.3d 1011, 1020 (9th Cir. 1999) ("The 'adequate opportunity' prong of Younger. . . requires only the absence of 'procedural bars' to raising a federal claim in the state proceedings.").

### III.  Pro Se Plaintiff's Summary

The Magistrate Judge is recommending that your case be dismissed because a federal lawsuit cannot be used to challenge an ongoing state court prosecution, including search and seizure issues related to evidence in the case.  A rule known as Younger abstention prevents this court from considering your lawsuit at this time.  You have 21 days to object to this recommendation if you wish to do so.  The District Judge will make the final decision.

### IV.  Conclusion

For the reasons explained above, it is HEREBY ORDERED that plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.

It is FURTHER RECOMMENDED that the complaint (ECF No. 1) be DISMISSED without prejudice and that this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: January 29, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

9